[Civ. No. 6557. First Appellate District, Division Two.—November 26, 1928.]

S. P. HIGGINSON, Appellant, v. ADA M. HANDY, Respondent.

Geo. D. Collins, Jr., for Appellant.

Myrick, Deering & Scott for Respondent.

STURTEVANT, J.—This is an action to quiet title. The plaintiff filed a complaint in the usual form, the defendant filed an answer denying the material allegations in the complaint and pleading certain affirmative matter and a trial was had in the trial court before the court sitting without a jury. That court made findings in favor of the defendant and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The plaintiff claims that the findings are not sustained by the evidence and in particular he objects to the finding "that plaintiff is not the owner of and seized in fee and entitled to the possession of those certain lots, . . . " in controversy. And he also makes the same contention regarding the finding "that defendant claims and has a right, title and interest in and to said property. . . . " These contentions involve a consideration of the following facts. The

plaintiff and defendant are brother and ·sister. Their mother died intestate, leaving an estate including, among other things, two lots located in San Francisco. Her estate was not administered upon. On April 8, 1906, the plaintiff was residing in San Francisco and the defendant. was residing at Seattle. At the same time they had an aunt, Mrs. E. E. Curry, residing on her farm near Lodi. That farm included four hundred acres planted to grapes and the farm was valued at one thousand dollars per acre. After the great fire in April, 1906, the plaintiff was desirous of putting up a building on one of the lots that belonged ·to the estate of his mother. He did not have the funds that would enable him to do the building and he applied to the relief committee for assistance. That committee declined to advance the funds excepting that the entire title stood in. the plaintiff. The plaintiff had a deed prepared, sent it to his aunt, Mrs. Curry, and she applied to the defendant, asking the defendant to execute it. About the same· time the plaintiff wrote a letter to defendant explaining the transaction. The letter is quite long, but it contains clear statements to the effect that' the plaintiff was desirous of obtaining the deed from his sister to enable him to build on one of the lots a place in which he could live, and that he intended to hold the title in trust for his sister and thereafter convey to her on demand, at which time her interest would be reconveyed upon the payment by her of taxes· and· assessments. That letter was dated January 4, 1907. The defendant's deed to her brother was dated January 14, 1907. On September 11, 1908, the plaintiff made an indorsement on the deed just referred to, by the terms of which he conveyed both lots to the defendant. That deed was acknowledged and was delivered to Mrs. E. E. Curry under an agreement by the terms of which the document was to be turned over to the defendant when Mrs. Curry should have· conveyed a part of her lands to the plaintiff. Mrs. Curry made such·a conveyance. The exact date is not stated in the'. record. However, it does appear that Mrs. Curry made her deed before the defendant executed the deed dated January 14, 1907. In this connection, however, the record is clear that Mrs. Curry, after having made her deed, did not deliver it to the plaintiff. There is some evidence to the effect that

there was an outstanding judgment against the plaintiff and Mrs. Curry was desirous of protecting the plaintiff from any execution based on such judgment. There is also evidence in the record that Mrs. Curry was farming the properties and was not willing to do more than allow the plaintiff to have the net proceeds after the farming expenses had been deducted. There is no conflict in the evidence but what the plaintiff received such net proceeds. We do not understand the plaintiff to contend that according to the arrangements made by the parties any question exists regarding the ultimate right of the defendant to receive from the plaintiff a fee-simple title to the lots. However, the plaintiff does contend that his deed to the defendant was never delivered but that she purloined it. If the deed was not purloined but was delivered, a contract which all admit was made, was duly carried out, and no one may complain. The question remains, does the record show that the deed dated January 14, 1907, together with the indorsement of September 11, 1908, was purloined? It is clear that the defendant had possession of it and had it recorded April 17, 1915. The record is clear that delivery was due at that time. Mrs. Curry had made her deed as contemplated. True she had not delivered, but she had delivered the fruits. Plaintiff was getting the net proceeds and more at that time. It is presumed that defendant's possession was lawful and that she owned it. (Code Civ. Proc., sec. 1963.) The defendant was called as a witness by the plaintiff, but was not asked any questions regarding her possession. The deposition of Mrs. Curry was taken April 3, 1920. At that time she was over ninety years of age, of poor hearing, of poor eyesight, unable to walk, and unable to go upstairs or downstairs. She stated that at one time she showed the deed to the defendant and that at a later date when she looked for the deed she could not find it. She did not say the defendant took the document forcibly or by stealth. It might be inferred the defendant did one or the other. On that subject the evidence showed a conflict and we may not say that the findings as made are not sustained by the evidence, nor may we say there has been a miscarriage of justice.

■ The plaintiff complains because he has not been repaid his expenditures under the trust agreement. The complaint is not well founded. The agreement of January 14, 1907, was superseded by the agreement of September 1, 1908. By the latter agreement no duty rested on the defendant to repay such amounts. Moreover, in his entire case the plaintiff did not introduce proof of the items, if any, expended by him, nor ask a finding thereon.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 26, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1929.

All the Justices concurred.